## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**TYRONE O'NEILL ADDERLEY JR.,**

     **Plaintiff,**

**vs.**                                    **Case No. 4:24-cv-302-MW-MAF**

**ALRICK AUSTIN, et al.,**

     **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, filed a document which he titled "Notice of Removal" on July 31, 2024, alleging "violations of the law of war" and "violation of the law of occupation under the trading with the enemy act." ECF No. 1. He also sought removal of his state criminal charges under 28 U.S.C § 1455. Id. The Court reviewed the filing and allowed Plaintiff an opportunity to amend due to multiple deficiencies.[1] ECF No. 5. On August 9th, Plaintiff filed an "Amended Notice of Removal," ECF No. 6, and a completed motion

---

[1] The Court observed that Plaintiff's filing was nonsensical. There were two primary defects: failure to comply with the Local Rules in the form and substance of the complaint, and – to the extent Plaintiff was seeking removal instead of a civil rights claim – failure to comply with 28 U.S.C § 1455, the federal removal procedure. The Court explained the requirements of the Local Rules and § 1455 to Plaintiff. The Court further warned Plaintiff that failure to comply with the order would result in entry of a recommendation to dismiss the case. See ECF No. 5

to proceed in forma pauperis (IFP), ECF No. 7. His IFP motion has been granted in a separate order entered today.

Because Plaintiff alleges numerous civil-rights-type claims and seeks damages, the Court construes his amended notice of removal as an amended complaint. The Court has reviewed the amended complaint liberally to determine whether his allegations are sufficient to proceed. 28 U.S.C § 1915(e)(2); <u>Mederos v. United States</u>, 218 F.3d 1252, 1254 (11th Cir. 2000).

## I. Allegations of the Amended Complaint, ECF No. 6[2]

Plaintiff's amended complaint gets off to a better start than his original. The allegations are now on a court-approved § 1983 complaint form, and not a "Moorish Science Temple of America Consular Court" form. <u>See generally</u> ECF No. 6 versus ECF No. 1. Unfortunately, his claims are still nothing more than copy-pasted legal gobbledygook.[3]

His amended complaint cites the following as the bases for his claims:

---

[2] Plaintiff lists ten Defendants who he says violated the 'law of war': Mr. Austin (a bondsman); Sheriff McNeil (Leon County's Sheriff); Ms. Moody (Florida's Attorney General); Mr. Morris (Plaintiff's defense attorney); Special Assistant State Attorney Vallejo; Judge Allman and Judge Everett (Leon County Circuit Court); State Attorney Jack Campbell; Assistant State Attorney McCarthy; and Ms. Marshall (Leon County Clerk of Court).

[3] "Wordy and generally unintelligible jargon; gibberish." *Gobbledygook.* Merriam-Webster.com, https://www.merriam-webster.com/dictionary/gobbledygook. (Accessed Aug. 22, 2024).

28 U.S.C § 1455 (Removal); 50 U.S.C § 4309(b)(2) (Trading with the Enemy Act);[4] Brady v. Maryland, 373 U.S. 83 (1963); Giglio v. United States, 405 U.S. 150 (1972); United States Constitution: Preamble, Article VI, Fifth Amendment, Sixth Amendment; Article 20, 21, 23 Treaty of Peace with Morocco 1836;[5] and various articles of the Geneva Convention.[6] ECF No. 6 at 5. Plaintiff claims each of the Defendants:

> "are…jointly and severally responsible in some manner for the willful, intentional, wrongful, and wanton withholding of the Exculpatory Provisions of the Trading with the Enemy Act – any payment made to the account of the United States shall be a FULL ACQUITTAL AND DISCHARGE and no person shall be liable in any court THEREFORE THE (ALLEGED) CRIMINAL COURT IS WITHOUT JURISDICTION."[7]

Id. at 7 (emphasis from original) No facts are provided as to what any of the Defendants did to commit such war crimes, but Plaintiff attaches a copy of a "Third Amended Information" from Leon County Circuit Court Case No. 2022 CF 1960B as "Exhibit A," Id. at 12-16 (charging him with two counts of felony

---

[4] The Trading with the Enemy Act's "dominant purpose [is to] give…citizens and alien friends an adequate remedy for invasions of their property rights in the exercise of the war powers of the government." Becker Steel Co. of Am. v. Cummings, 296 U.S. 74, 81, 56 S. Ct. 15, 19, 80 L. Ed. 54 (1935). It appears wholly inapplicable to Plaintiff.

[5] The Treaty of Morocco primarily relates to maritime and admiralty matters. It does not apply to "claims challenging any events associated with arrests, searches, detention, incarceration, prosecution, conviction, etc. that occur within the United States' actual geographical territory." Murakush Caliphate of Amexem Inc. v. New Jersey, 790 F. Supp. 2d 241, 272 (D.N.J. 2011); See also Pitt-Bey v. D.C., 942 A.2d 1132, 1136 (D.C. 2008)

[6] There is nothing to suggest Plaintiff is a soldier or civilian in an area of armed conflict.

[7] This type of sovereign-citizen-esq argument has been repeatedly rejected as frivolous. See Henry v. Fernandez-Rundle, 773 F. App'x 596, (Mem)–598 (11th Cir. 2019).

drug trafficking), and a copy of the docket for that case as "Exhibit B." Id. at
17-20. He also claims each Defendant is engaged in a conspiracy and "each
of the accused Defendants/Respondents did ratify and approve the acts of
the remaining accused Defendants/Respondents" in violation of the above-
listed federal laws. Id. at 7. Plaintiff never explains what these 'acts' are.

Plaintiff seeks $9.5 million in unspecified "damages" to be paid "in
lawful money of .9999 fine silver bullion coins or bars." Id. at 8, 10. This
treasure is so owed as a result of numerous wrongs, including "Unlawful 14th
Amendment Forced Conscription," "tax fraud," "extortion," "Hobbs Act
Robbery," and "Constitutional Emoluments Real Estate Account: Fraudulent
Bail Bond Contracts." Id. at 10. A breakdown of the damages is included,
citing $1 million each for "trespass," "terrorism," "genocide,"
"denationalization under the 'Black Code'," "false identity," "theft,"
"libel/slander," "fraud in the inducement," "consular assistance," and
$500,000 for "miscellaneous expenses (i.e. mailing paper, ink, copies, etc.)."
Id. Last, he seeks "the appointment of disinterested counsel to investigate
and prosecute such criminal contempt by military commission proceedings."
Id. at 10.

In relation to Plaintiff's removal request, he contends removal is timely
"because it is based upon the Third Amended Information which was

filed…August 1, 2024." Id. at 9. No other facts, grounds, or reasons for removal are stated. Plaintiff also again failed to attach "a copy of all process, pleadings, and orders served upon" him in the case. 28 U.S.C § 1455(a).

## II.    Sufficiency of Civil Rights Claims

Plaintiff's amended complaint is chockfull to the brim of nonsensical legal conclusions and woefully void of factual allegations. Aside from the fact that Plaintiff has been charged by Information with several counts of drug trafficking, as shown by his "Exhibit A," no other facts are present. He also fails to explain what any of the Defendants did or failed to do to violate his constitutional rights.[8]

A well-pleaded complaint "demands more than an unadorned, the-Defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A complaint like the Plaintiff's, "that offers labels and conclusions…will not do." Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). This includes complaints that "tender naked assertions devoid of further factual enhancement." Id. And while a court must accept as true all allegations in a complaint, this does not extend to legal conclusions or "a legal conclusion couched as a factual allegation." Id.

---

[8] As it relates to the Government-official Defendants, Plaintiff must "plead that each…through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. 662 at 676.

Under 28 U.S.C § 1915(e)(2)(B), the Court must dismiss a case if it is "frivolous or malicious; fails to state a claim on which relief can be granted; or seeks monetary relief against a Defendant who is immune from such relief." A claim is frivolous, and must be dismissed, if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); See also Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. 544, 555 (2007). Plaintiff's amended complaint, even construed liberally, lacks an arguable basis in both law *and* fact. It is frivolous for several reasons.[9]

First, as the Court has discussed, the entirety of Plaintiff's amended complaint is conclusory and fails to state a claim. The allegations do not satisfy Rule 8, the Iqbal pleading requirements, or the Local Rules.[10] Plaintiff provides no specific facts as to how any of the Defendants violated his constitutional rights. The allegations do not come close to establishing "more

---

[9] Insomuch as Plaintiff relies on the Treaty of Peace with Morrocco, "all such prisoners'-litigation-like claims invoking [the Treaty], either collectively or individually, are necessarily frivolous which, in turn, means that any pleading asserting such claims is not *bona fide.* Murakush Caliphate, 790 F. Supp. 2d 241, 272 (D.N.J. 2011)

[10] Rule 8 requires a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiff was previously advised by the Court that the Local Rules require Plaintiff to present factual allegations which reveal a basis for naming each person as a Defendant as well as how and when the Defendants took actions which Plaintiff believes violated his constitutional rights. ECF No. 5 at 3; N.D. Fla. Loc. R. 5.7.

than a sheer possibility" that any of the Defendants "acted unlawfully." Franklin v. Curry, 738 F.3d 1246, 1251 (11th Cir. 2013).

Next, Plaintiff seeks monetary relief from several Defendants who are likely immune. This includes two Leon County Circuit Court judges, a State Attorney, two Assistant State Attorneys, a County Court Clerk, and Florida's Attorney General. Though he does not specifically indicate in what capacity he is suing each Defendant, he references each as "acting as" their occupation, i.e. "Francis J. Allman (acting as judge)," ECF No. 2-4, which suggests he is pursing official capacity claims.

Well-established law provides "absolute immunity" to a judge who is acting within his or her judicial capacity. Stevens v. Osuna, 877 F.3d 1293, 1301 (11th Cir. 2017). This immunity also applies to prosecutors. Imber v. Pachtman, 424 U.S. 409 (1976). Court clerks, too, are provided some level of immunity when carrying out their official actions.[11] Lomax v. Ruvin, 387 F. App'x 930, 932 (11th Cir. 2010).

To the degree Plaintiff has named Attorney General Moody in her official capacity, those claims are barred. An official capacity claim is just

---

[11] Whether Ms. Marshall would be entitled to absolute or qualified immunity cannot be determined at this stage because the amended complaint lists no facts explaining what action or inaction she took against Plaintiff. Regardless, dismissal as frivolous and for failure to state a claim is still appropriate.

"another way of pleading an action against an entity of which an officer is an agent." <u>Kentucky v. Graham</u>, 473 U.S. 159, 165-66, 105 S. Ct. 3099, 3105, 87 L. Ed. 2d 114 (1985). Absent limited exceptions which are not present here, the State of Florida and its agencies are immune from suit in federal court by force of the Eleventh Amendment.  <u>Carr v. City of Florence, Ala.</u>, 916 F.2d 1521, 1524 (11th Cir. 1990).

If Plaintiff is asserting supervisory or vicarious liability against any Defendants[12] – seemingly the natural choices would be Attorney General Moody, Sheriff McNeil, Clerk Marshall, and possibly State Attorney Campbell – those theories are inapplicable to § 1983 claims. <u>Iqbal</u>, 556 U.S. 662, 676 (2009); <u>Craig v. Floyd County, Ga.</u>, 643 F.3d 1306, 1310 (11th Cir. 2011) (liability under § 1983 cannot be based under a theory of respondeat superior). Plaintiff also has not alleged any policies or customs created by any of the Defendants that caused the alleged constitutional violations. <u>Cook ex rel. Estate of Tessier v. Sheriff of Monroe Cty., Fla.</u>, 402 F.3d 1092, 1116 (11th Cir. 2005).

Plaintiff was already given an opportunity to amend his claims. The amended allegations remain so delusional, conclusory, and meritless that the defects cannot be cured by further amendment. Plaintiff's claims as to all

---

[12] Again, this is unclear because no facts are alleged.

Defendants warrant dismissal with prejudice as frivolous and for failure to state a claim on which relief may be granted under 28 U.S.C § 1915(e)(2)(B).[13]

## III.   Sufficiency under Removal Provisions

To the extent Plaintiff seeks removal of his state criminal court case, he again fails to meet the requirements for removal under 28 U.S.C § 1455.

The statute requires Plaintiff's notice to comply with each of three procedural prongs: it must contain a factual basis for why the case should be removed; it must include a copy of "all process, pleadings, and orders served upon the defendant"; and it must be filed no later than 30 days after the State court arraignment, or before trial, "whichever is earlier," except for good cause shown.  28 U.S.C § 1455(a) & (b)(1). Plaintiff fails as to all three.

First, as mentioned earlier, Plaintiff's amended notice fails to state any reasons for removal.[14] It does not appear, nor does Plaintiff allege, that he meets any of the limited circumstances in which a state criminal court case

---

[13] The Eleventh Circuit has consistently affirmed dismissal with prejudice of frivolous complaints. See, e.g., Broner v. Washington Mut. Bank, FA, 258 F. App'x 254, 256 (11th Cir. 2007); Austin v. Judge, 851 F. App'x 173, 175 (11th Cir. 2021); Nails v. Franklin, 279 F. App'x 899, 901 (11th Cir. 2008); Hernandez v. Palm Beach Cnty. State Att'y, No. 23-11024, 2023 WL 9642821, at *2 (11th Cir. Aug. 31, 2023), cert. denied, 144 S. Ct. 1121, 218 L. Ed. 2d 355 (2024).

[14] 28 U.S.C § 1455 is not a self-standing basis for removal. It simply "provides procedures that must be followed in order to remove a criminal case from state court when a defendant has the right to do so under another provision." Georgia v. Meadows, 692 F. Supp. 3d 1310, 1318 (N.D. Ga.), aff'd, 88 F.4th 1331 (11th Cir. 2023) (quoting Kruebbe v. Beevers, 692 F. App'x 173, 176 (5th Cir. 2017)).

can be removed to federal court.[15] Even if the Court were to construe what it has already deemed Plaintiff's frivolous and meritless civil rights claims as a basis for removal under 28 U.S.C § 1443, "broad assertions under the Equal Protection Clause or § 1983…are insufficient to support a valid claim for removal under § 1443(1)." Alabama v. Conley, 245 F.3d 1292, 1295–96 (11th Cir. 2001).

Second, Plaintiff again fails to attach a copy of all process, pleadings, and orders served upon him in his State case.

Third, Plaintiff's amended notice is untimely. He has not stated or shown when he was arraigned in state court, only attaching the "Third Amended Information" and a docket printout. ECF No. 6 at 14-16, 18-20. The Court takes judicial notice of the record in Plaintiff's underlying criminal case, Leon County 2022 CF 1960B (consolidated from 2022 CF 1962A). The docket reflects Plaintiff was arrested on June 28, 2022 in 2022 CF 1962A. Docket # 1 of that case. On June 30, 2022, Plaintiff's public defender filed a "conditional plea of not guilty" on his behalf. Docket # 30 of that case. The conditional plea states that "Florida Rule of Criminal Procedure 3.166(a) authorizes a written plea of not guilty when a defendant is represented by

---

[15] 28 U.S.C §§ 1442 (federal or state officers), 1442a (member of armed forces), and/or 1443 (denial of civil rights, interpreted in terms of racial discrimination, See, e.g., Johnson v. Mississippi, 421 U.S. 213, 219 (1975)).

counsel; the effect of the written plea is to waive arraignment."[16] Id. In January 2023 after Plaintiff was appointed conflict counsel, that attorney also filed a written waiver of arraignment. Docket # 56 of that case. Consistent with the waiver(s), neither docket shows an arraignment event for Plaintiff.

It is well established that Florida Rule of Criminal Procedure 3.160(a) permits counsel to "file a written plea of not guilty at or before arraignment and thereupon arraignment shall be deemed waived." Albritton v. White, 948 So. 2d 852, 853 (Fla. 2d DCA 2007). Thus, Plaintiff waived arraignment over two years ago. A timely notice of removal would have been filed within 30 days of the waiver. See Pledger v. Gorman, No. 16-2517-JAR-GLR, 2016 WL 4613391, at *2 (D. Kan. Sept. 6, 2016).

In one of Plaintiff's only factual assertions, he attempts to show good cause for his untimeliness, stating, "it is based upon the Third Amended Information filed…on or about August 1, 2024." ECF No. 6 at 9. It is true the State has amended the information several times. In May 2023, the State consolidated Plaintiff's Trafficking in Methamphetamine charge (offense date June 28, 2022) from 2022 CF 1962 into 2022 CF 1960. Docket # 6 of 2022 CF 1960. Other than Plaintiff becoming the "B" Defendant, nothing about his

---

[16] The citation of "3.166(a)" appears to be a typo by the public defender. There is no Rule 3.166 in the Florida Rules of Criminal Procedure. Rule 3.160(a), however, governs waiver of arraignment by counsel and written pleas of not guilty.

charge changed. Id.  On August 1, 2024, the State again amended the information, this time adding a charge against Plaintiff – Conspiracy to Traffic in Methamphetamine – with the same June 28th offense date. Docket # 67 of that case. That being said, the filing date of an amended information is not an arraignment date, and the third amended information did not substantively change the facts of Plaintiff's case. Good cause for the two-year delay hasn't been shown.

Plaintiff's allegations are without merit under any federal removal provision and he fails to meet the procedural requirements of § 1455. Because it is clear from the face of the amended notice and its exhibits that removal should not be permitted, the Court recommends an order for summary remand. See 28 U.S.C § 1455(b)(4).

## IV.    Recommendation

For the reasons discussed, it is respectfully **RECOMMENDED** that Plaintiff's "Amended Notice of Removal," ECF No. 6, construed under 28 U.S.C § 1983, be **DISMISSED with prejudice** as frivolous and for failure to state a claim on which relief may be granted pursuant to 28 U.S.C § 1915(e)(2). The dismissal should count as a "strike" pursuant to 28 U.S.C § 1915(e)(2)(B)(i) and (ii). As construed under 28 U.S.C § 1455, it is respectfully **RECOMMENDED** that Plaintiff's "Amended Notice of Removal,"

ECF No. 6, be **DENIED** and the case be **REMANDED** to state court.

**IN CHAMBERS** at Tallahassee, Florida on August 22, 2024.

<u>s/ Martin A. Fitzpatrick</u>
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

<u>**NOTICE TO THE PARTIES**</u>

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. <u>See</u> 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).**